IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-20764
c/w No. 00-41033
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CHIWETA BIOSAH,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-99-CR-353-1
--------------------
October 16, 2001

Before JOLLY, DAVIS and DeMOSS, Circuit Judges.

PER CURIAM:*

Chiweta Biosah appeals his sentence following his jury-trial conviction for bank fraud, unauthorized use of access devices, conspiracy to commit bank fraud and unauthorized use of access devices, and possession of false identification documents. He also appeals his 18-month sentence following the revocation of his supervised-release term.

Biosah avers that the district court erred (1) in its determination of relevant conduct during sentencing; (2) in

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

increasing his offense level by two for his role in the offense; and (3) by failing to reduce his base offense level by three levels for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1.

The information in the presentence report, which was adopted by the district court, sufficiently established Biosah's involvement in each of the transactions for which he was held accountable and showed that Biosah played a managerial or supervisory role in the offense and that he managed or led at least one other participant. Thus, the district court did not clearly err. See United States v. Narviz-Guerra, 148 F.3d 530, 540 (5th Cir. 1998); United States v. Ronning, 47 F.3d 710, 711 (5th Cir. 1995).

The district court also did not err in denying Biosah a reduction for acceptance of responsibility. Biosah's conduct was inconsistent with an acceptance of responsibility because he falsely denied relevant conduct during debriefing and by arguing in his objections to the presentence report that no connection existed between him and the fraudulent relevant-conduct transactions. See United States v. Vital, 68 F.3d 114, 121 (5th Cir. 1995); United States v. Chapa-Garza, 62 F.3d 118, 122 (5th Cir. 1995).

Biosah's challenge to the 18-month sentence imposed following revocation of his term of supervised release is also without merit. The petition to revoke, to which Biosah pleaded true, alleged that Biosah knowingly devised a scheme and artifice to defraud and that such scheme affected a financial institution,

in violation of 18 U.S.C. 1001 and 1341.  This was sufficient to support the district court's classification of Biosah's offense as a Grade A violation.  See United States v. Mathena, 23 F.3d 87, 89 (5th Cir. 1994).  Given the foregoing, the judgment of the district court is AFFIRMED.